UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> v. ) <br> ) <br> WILMER ALEXANDER GARCIA MEZA, ) <br> aka "Alejandro Garcia" and ) <br> "Alex Garcia," ) <br> ) <br> ) <br> Defendant. ) <br> _____) | No. 20 CR 35 <br><br> Judge Elaine E. Bucklo |

## THE GOVERNMENT'S UNOPPOSED MOTION

Plaintiff, the United States of America, through its attorneys of record, hereby respectfully makes an unopposed motion for an order pursuant to 26 U.S.C. § 6103(h)(4) authorizing the government to provide defendant's counsel in the above-captioned case with copies of federal tax returns, tax return information, and taxpayer return information that are required to be disclosed pursuant to Federal Rule of Criminal Procedure 16, and the government's obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972). The government further respectfully moves this Court to enter a protective order governing the disclosure and dissemination of the discovery provided by the government to the defendant and his counsel in this case.

Counsel for the defendant, Steven Greenberg, Esq., confirmed on January 28, 2020, that he does not oppose this motion and does not have an objection to the entry of the proposed protective order requested below.

## POINTS AND AUTHORITIES

As a general rule, 26 U.S.C. § 6103(a) provides for the confidentiality of income tax returns, return information (i.e. information collected by or furnished to the Internal Revenue Service, as defined in 26 U.S.C. § 6103(b)(2)), and taxpayer return information (i.e. return information filed by or on behalf of a taxpayer, as defined in 26 U.S.C. § 6103(b)(3)).[1]

Pursuant to Fed. R. Crim. Proc. 16, the government is required to make various documents available to the defense for inspection and copying, including documents and other evidence that (1) are material to the preparation of the defense of a defendant, (2) the government intends to use in its case-in-chief, or (3) were obtained from a defendant. Given that the defendant has been charged with offenses arising under Title 18 of the United States Code, all of which pertain to a scheme to file fraudulent tax returns, many of the documents that the government is required to make available to the defense pursuant to Rule 16 and its other discovery obligations fall within the definition of a tax return, return information, and taxpayer return information as those terms are defined in 26 U.S.C. § 6103(b).

Section 6103(h)(4) sets forth exceptions to the general rule of tax information confidentiality, and provides in relevant part:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only –

---

[1] "Return Information" is defined in 26 U.S.C. § 6103(b)(2), and includes "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." "Taxpayer Return Information" is defined in 26 U.S.C. § 6103(b)(3) to include any Return Information "which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates."

2

> (A)  if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability ... in respect of any tax imposed under this title;
> (B)  if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
> (C)  if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
> (D)  to the extent required by order of a court pursuant to section 3500 of title 18, United States Code or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information . . . . .

Here, all four provisions regarding disclosure of tax returns, return information, and taxpayer return information are met.

This case is a proceeding pertaining to tax administration. The defendant is charged in the Indictment with fourteen counts of making false claims for a tax refund, in violation of 18 U.S.C. § 287, four counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Each of the offenses pertain to the defendant's scheme of filing false claims for tax refunds, in his own name and in the names of others. (ECF No. 1.)

The Indictment alleges, *inter alia*, that the defendant prepared and caused to be prepared, and presented and caused to be presented, to the Internal Revenue Service (IRS), materially false and fraudulent individual income tax returns for tax years 2011 to 2016 to claim fraudulent income tax refunds to which the defendant then and there knew the individual named in the tax return was not entitled. The indictment further alleges that the defendant caused fraudulently claimed federal income tax refunds, in the form of U.S. Treasury tax refund checks, to be mailed to his United States Post Office Boxes and to other mailing addresses to which he had access, and that the

3

defendant cashed and caused to be cashed those Treasury checks at local check cashing locations.

The defendant is a taxpayer who is a party to this proceeding and this proceeding arises in connection with determining the defendant's criminal liability with respect to his individual income tax filings. The defendant is also alleged to have prepared tax returns on behalf of others, and at least sometimes without their knowledge and/or consent. The treatment of items on the defendant's individual income tax returns, as well as the treatment of items on the individual income tax returns of others for whom the defendant is alleged to have filed tax returns in their name, are directly related to issues in this proceeding. Additionally, returns, return information, and taxpayer return information the government seeks to disclose directly relates to a transactional relationship between the defendant and the non-party taxpayers and/or individuals that directly affects the resolution of the issues present in this case. Furthermore, federal income tax returns and return information pertaining to the defendant and others obtained during the course of the investigation must be provided to the defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Accordingly, the government seeks an order authorizing disclosure of such tax returns, return information, and taxpayer return information to the defendant and his counsel.

## REQUEST FOR PROTECTIVE ORDER

Under Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court has broad authority to restrict or defer discovery or grant "other appropriate relief." According to the Advisory Committee Notes to the 1974 Amendments to Rule 16, "[s]ubdivision (d)(1)

deals with the protective order." See Seattle Times Company v. Rhinehart, 467 U.S. 20, 34-35 (1984) (noting, in civil discovery context, that because of the broad scope of discovery, litigants may obtain information that "if publicly released could be damaging to reputation and privacy," and that the government "has a substantial interest in preventing this sort of abuse of its processes").

In order to meet its discovery obligations, the government intends to produce documents that include, among other things, the tax information described above, as well as other return information and evidence which includes non-public information such as: (i) personal identifiers of non-parties whose names were allegedly used by the defendant or potential accomplices in connection with the defendant's fraudulent scheme; (ii) memoranda of interview conducted by IRS-Criminal Investigation of potential witnesses; (iii) financial information of the defendant and non-party individuals and businesses, including bank records of the defendant and bank, tax, and corporate records of victims and/or participants of the defendant's scheme, gathered by or provided to the IRS. This information includes non-public information of individuals who have not been charged with any wrongdoing.

Section 6103(h)(4)(D) states that a court entering an order authorizing disclosure of tax returns and return information should "give due consideration to congressional policy favoring the confidentiality of returns and return information . . . ." Title 26 "defines return information broadly, reaching far more than just information that relates to an actual tax return, an imposed liability, or a taken deduction." *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1186 (10th Cir. 2011). "Section 6103(b)(2)(A) protects 'data received by ... prepared by, furnished to, or collected by the Secretary with respect to a return or with

5

respect to the determination of the existence, *or possible existence*, of liability ... for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.'" *Id.* (emphasis in original); *see also Landmark Legal Found. v. I.R.S.,* 267 F.3d 1132, 1136-38 (D.C. Cir. 2001) (explaining why under the broad definitional language of § 6103, even third-party communications to the IRS, if they are taxpayer-specific, are properly classified as "data" furnished to the IRS that falls within the definition of "return information").

A protective order with respect to discovery in this criminal tax proceeding, where information gathered during the investigation falls within the expansive definition of "return information" in § 6103(b)(2), is an appropriate way to vindicate the Congressional policy of the confidentiality of tax returns, return information, and taxpayer return information. A protective order is also appropriate because it will protect the privacy and reputation of non-parties, and impose a safeguard against dissemination of sensitive personal identifiers, such as social security numbers, dates of birth, and residential addresses of third parties contained in the government's discovery. Accordingly, the government respectfully submits that good cause exists for the entry of the proposed protective order in this case because there is no legitimate public interest in the dissemination of the discovery materials to non-litigant third parties that outweighs the statutory and Congressional mandate of confidentiality of tax information and the privacy concerns of non-litigants.

## CONCLUSION

For the reasons set forth above the government respectfully requests that this Court grant this unopposed motion and enter (1) an Order authorizing the disclosure of tax returns, return information and taxpayer return information; and (2) a Protective

6

Order governing any further disclosure of the discovery material provided by the government to the defendant and his counsel.

                Respectfully submitted,

                RICHARD E. ZUCKERMAN
                Principal Deputy Assistant Attorney General
                Tax Division, Department of Justice

By:   */s Michael C. Landman*
        THOMAS W. FLYNN
        MICHAEL C. LANDMAN
        Trial Attorneys
        U.S. Department of Justice, Tax Division

Dated**:** January 29, 2020