UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>WILMER ALEXANDER GARCIA MEZA, )<br>aka "Alejandro Garcia" and )<br>"Alex Garcia," )<br>)<br>)<br>Defendant. )<br>_____ ) | No. 20 CR 35<br><br>Judge Elaine E. Bucklo |

ORDER AUTHORIZING DISCLOSURE

Having considered the Government's Unopposed Motion For (1) Order Authorizing Disclosure Of Tax Return Information; and (2) Protective Order, and the record and file in this case, for good cause shown,

IT IS HEREBY ORDERED that pursuant to 26 U.S.C. § 6103(h)(4), and based on the unopposed motion of the government, that the government is authorized to disclose to the defendant and his counsel tax returns, return information, and taxpayer return information as defined in 26 U.S.C. § 6103(b) pertaining to the defendant, the defendant's alleged victims, participants in the alleged scheme, and any other tax returns or return information provided by the government pursuant to its discovery obligations.

PROTECTIVE ORDER

The government represents to this Court that it intends to produce documents that include, among other things, tax information described in its unopposed motion and above,

and other non-public information such as: (i) personal identifiers of non-parties whose names were allegedly used by the defendant or potential accomplices in connection with the defendant's fraudulent scheme; (ii) memoranda of interview conducted by IRS-Criminal Investigation of potential witnesses; (iii) financial information of the defendant and non-party individuals and businesses, including bank records of the defendant and bank, tax, and corporate records of victims and/or participants of the defendant's scheme, gathered by or provided to the IRS (collectively, the "Discovery Material"). The government also represents to the Court that counsel for the defendant does not object to the entry of a protective order.

Accordingly,

IT IS FURTHER ORDERED THAT

1. The Discovery Material produced by the government may be used by the defendant, the defendant's counsel and any employees or agents of defendant's counsel solely in the defense of this case.

2. Defendant's counsel and the defendant shall not disclose the Discovery Material directly or indirectly to any person except those persons directly involved in assisting the defense, including potential experts (collectively, "authorized persons") during the course of the investigation and defense of this case. Defendant's counsel may, to the extent necessary in defense of this case, disclose the contents of the Discovery Material to persons who are interviewed by defendant's counsel or other authorized persons on behalf of the defendants, but the Discovery Material shall not be copied for or disseminated to such witnesses.

3. The Discovery Material produced by the government shall not be copied or reproduced unless it is copied or reproduced for authorized persons to assist in the defense of this case, and in that event, the copies shall be treated in the same manner as the original material.

4. When providing the Discovery Material to an authorized person, the defendant's counsel must inform the authorized person that the Discovery Material is provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order.

IT IS FURTHER ORDERED THAT upon the final disposition of this case, the defendant shall return to the government all Discovery Material to the government as so requested by the government, provided that the defendant's counsel may retain the Discovery Material in a secure fashion insofar as required by state law or applicable ethical obligations imposed on the defendant's counsel.

IT IS SO ORDERED.

DATED: __January 30th__, 2020

_Elaine E. Bucklo_
Honorable Elaine E. Bucklo
United States District Judge