| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | **FILED**<br>FEB 06 2020<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

UNITED STATES OF AMERICA, )
                                        )
           v.                       )
                                        )
WILMER ALEXANDER GARCIA MEZA, )
aka "Alejandro Garcia" and           )
"Alex Garcia"                     )
                                        )   No. 20 CR 035
                                        )   Magistrate Judge Gabriel A. Fuentes

## FORFEITURE AGREEMENT

      Pursuant to the Order Setting Conditions of Release entered in the above-named case on February 6, 2020, for and in consideration of bond being set by the Court for defendant WILMER ALEXANDER GARCIA MEZA (the "defendant") in the amount of $130,000, being partially secured by real property, Daisy Cortes **(GRANTOR)** hereby understands, warrants and agrees:

    1.    Daisy Cortes warrants that she is the sole record owner and titleholder of the real property located at **1419 Muirfield, Waukegan,** and described legally as follows:

> LOT 42 IN MARYCREAT NUMBER 2, SECOND ADDITION, BEING A SUBDIVISION OF SOUTH EAST QUARTER OF THE NORTH WEST QUARTER OF SECTION 17, TOWNSHIP 45 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF, RECORDED MAY 28, 1956 AS DOCUMENT NUMBER 909800 IN BOOK 33 OF PLATS, PAGE 93, IN LAKE COUNTY ILLINOIS.

      Parcel Number: 08-17-112-005; (the "subject property")

    2.    Daisy Cortes warrants that there are no outstanding mortgages against the subject property and that there is approximately $129,000 in equity in the subject property.

    3.    Daisy Cortes has received a copy of the Court's Order Setting Conditions of Release and understands its terms and conditions.

4. Daisy Cortez understands and agrees that the defendant will be subject to the terms and conditions of the Order Setting Conditions of Release until any of the following events: (a) defendant surrenders to serve his sentence; (b) defendant is taken into custody by order of the court in the above-captioned matter; (c) the above-captioned matter is dismissed against defendant in its entirety; or (d) judgment is entered in defendant's favor.

5. Daisy Cortez agrees that public docket entries and filings in the above-captioned matter constitute adequate notice of all judicial proceedings in the case. Daisy Cortez understands that modifications to the Court's Order Setting Conditions of Release may occur, and may materially change the conditions of release. In exchange for the entry of the Order Setting Conditions of Release, Daisy Cortez waives any right to receive notice of judicial proceedings from the United States or the Court.

6. Daisy Cortez understands and agrees that this forfeiture agreement applies to any modified Order Setting Conditions of Release entered by the Court in the above-captioned matter.

7. Daisy Cortez agrees that her equitable interest in the above-described real property shall be forfeited to the United States of America should the defendant fail to appear as required by the Court or otherwise violate any condition of the Court's Order Setting Conditions of Release, during the pendency of the order.

8. Daisy Cortez agrees to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court.

9. Daisy Cortez understands that the United States of America will seek an order from the Court authorizing the United States of America to file and record the above-described deed, and will take whatever other action that may be necessary to perfect its interest in the above-

D.C.

described real property, should the defendant fail to appear as required by the Court or otherwise violate any condition of the Court's Order Setting Conditions of Release, during the pendency of the order.

10. Daisy Cortes understands and agrees that should the defendant fail to appear as required by the Court or otherwise violate any condition of the Court's Order Setting Conditions of Release, Daisy Cortez will be liable to pay the difference between the bond amount of $130,000 and her equitable interest in the subject property, and Daisy Cortez hereby agrees to the entry of a default judgment against her for the amount of any such difference.

11. Daisy Cortes agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court.

12. Daisy Cortes understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant, she is subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury.

D.C.

13. Daisy Cortez agrees that the United States shall file and record a copy of this Forfeiture Agreement with the Lake County Recorder's Office as notice of encumbrance in the amount of the bond.

14. Daisy Cortez hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct.

15. Daisy Cortez understands and agrees that failure to comply with any term or condition of this Forfeiture Agreement will constitute grounds for the United States of America to request that the bond posted for the release of the defendant be revoked.

Date: 07/06/2020

Daisy Cortez
Surety/Grantor

**Return to:**
Bissell, US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

Prepared By:   D. Cuadra

D.C.